# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Diane Landrum, in her capacity as Personal Representative of the Estate of Aaron Clark Gray, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| Spartanburg County, Chuck Wright, Christopher Raymond, and Glen Stuart, in their individual capacities, | ) ) ) ) |
| Defendants. | ) ) ) |

C.A. No. 7:10-cv-00007-JMC

**OPINION AND ORDER**

This matter is before the court on Defendants' Spartanburg County (the "County") and Spartanburg County Sheriff Chuck Wright's ("Wright") Motion for Summary Judgment [Doc. 24] on Plaintiff Diane Landrum's ("Landrum") Amended Complaint [Doc. 6], pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed no response to these Defendants' Motion for Summary Judgment.

For the reasons set forth below, the court grants Defendants' (the County and Wright) Motion for Summary Judgment on Plaintiff's Third, Fourth, Fifth, and Sixth causes of action.

### FACTUAL AND PROCEDURAL HISTORY

This case arises out of a drug bust organized and conducted by the Spartanburg County Sheriff's Department on February 10, 2005. On February 7, 2005, the Spartanburg County Sheriff's Office Narcotics Unit received information that Aaron Clark Gray ("Gray") was distributing crack cocaine in the Spartanburg area, and the Narcotics Unit purchased $400.00

worth of crack cocaine using an undercover operative. The informant maintained contact with Gray throughout the week with the intention of making a second purchase from Gray.

On February 10, 2005, the Narcotics Unit arranged to purchase $1,600.00 worth of cocaine from Gray at a residence located on Overhill Circle in Spartanburg County. After the purchase was completed by the informant, Defendant Glen Stuart ("Stuart") and Defendant Christopher Raymond ("Raymond") remained in the vicinity to obtain a description of the residence for the purposes of obtaining a search warrant. As Stuart and Raymond drove by the residence in an unmarked vehicle, they observed a car leaving which Raymond recognized as Gray's vehicle. Stuart and Raymond followed the car and radioed for a marked unit to initiate a traffic stop.

Before the second unit arrived, Gray turned into a driveway also located on Overhill Circle. At that time, Stuart believed that Gray was acting as if he was attempting to evade them and as if he knew something was wrong. According to the officers, they decided to place Gray under arrest and Raymond parked his vehicle at the mouth of the driveway. The officers exited the vehicle and instructed Gray to get out of the car and to get on the ground. Both officers were wearing marked clothing and allegedly told Gray numerous times to get out of the car and to get on the ground. According to the officers' testimony, as Stuart and Raymond approached Gray's vehicle, Gray placed the car in reverse and backed toward the officers. As the car was backing up and in fear of being struck by the vehicle, Raymond fired at the vehicle.

According to the officers' testimony, Gray began to drive erratically in the yard, turned the car around, and proceeded forward. Then, he reversed directly toward Stuart. Believing he was going to be overrun as the car was within three to five feet of him, Stuart fired at the vehicle. Raymond, also believing that the car was going to strike Stuart, fired at the vehicle. The car

came toward Raymond, and he fired again. The car then slowed and came to rest. The officers approached the car, saw Gray slumped over, and immediately called for medical assistance. Stuart estimated the entire incident, from the initial approach on the vehicle to the call for emergency medical services, took no more than fifteen seconds. Gray was transported to Spartanburg Regional Medical Center where he later died from his wounds.

Some of the above facts as provided by the officers and the County are disputed by Landrum. In her Amended Complaint, Landrum alleges that Stuart and Raymond did not have probable cause or reasonable suspicion to seize Gray, nor did they have proper identification or authority to attempt to seize Gray. Landrum alleges that Stuart and Raymond attempted to seize Gray by opening his car door and attempting to pull him out of the car. Gray rebuffed their attempts and tried to flea the area. Landrum alleges that "at no time did Gray attempt to use his car as a weapon to threaten the lives of Stuart and Raymond." [Doc. 6 at ¶ 8]. Furthermore, Landrum alleges that "[w]ithout legal justification or threat to their personal safety, Defendants Raymond and Stuart began firing multiple, numerous and excessive shots in the residential neighborhood striking innocent homes, (interior and exterior), striking the vehicle being operated by Gray and striking the body of Gray." *Id.*

Additionally, Landrum alleges that the County was grossly negligent in hiring Raymond and Stuart when it knew or should have known that they were unqualified and not suitable to be deputies, in failing to supervise Raymond and Stuart when they knew that one or more had engaged in similar unlawful and excessive force conduct in the past, and in failing to properly train the other officers at the scene to intercede when they observed Raymond and Stuart applying unnecessary and excessive force against Gray. [Doc. 6]

Landrum has set forth the following causes of action:

1) a survival action claim under 42 U.S.C. §1983 against Raymond and Stuart for illegal seizure of Gray in violation of the Fourth Amendment;

2) a wrongful death action claim under 42 U.S.C. §1983 against Raymond and Stuart for use of excessive force during the seizure of Gray in violation of the Fourth Amendment;

3) a claim under 42 U.S.C. §1983 against Wright under a supervisor liability theory for allowing an unconstitutional custom, policy and practice;

4) a survival action for common law assault and battery against the County based on the shooting of Gray.

5) a wrongful death action for common law assault and battery against the County based on the shooting and killing of Gray;

6) a wrongful death action for gross negligence against the County based on the shooting and killing of Gray.

Even with the court's understanding that there are substantial facts which are being disputed by Landrum, this does not affect the particular findings in favor of summary judgment for Defendants the County and Wright. Because this order solely entails claims against the County and Wright, only the third through sixth causes of action will be discussed herein.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

### A. Plaintiff's Third Cause of Action

Plaintiff alleges that "prior to February 10, 2005, Defendant Wright developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons of Spartanburg County, which caused the violation of Mr. Gray's rights." [Doc. 6, at ¶ 21]. The County filed a Motion for Summary Judgment [Doc. 24] on behalf of itself and Wright, contending that Landrum's 42 U.S.C. § 1983 claims against the County and Wright should be dismissed because she failed to allege that Gray's constitutional rights were deprived as a result of an official County custom, policy, pattern, practice, or procedure which was adhered to by the County Sheriff's Office and Wright.

Here, Landrum claims that it was the policy and/or custom of Wright to "inadequately and improperly investigate citizen complaints of police misconduct, and Sheriff Wright instead tolerated the acts of misconduct." [Doc. 6, at ¶ 22]. She sets forth general allegations of deliberate indifference but puts forth no evidence in support of these blanket allegations. Furthermore, Landrum fails to provide any evidence of how any policy or procedure maintained by the Sheriff's Department directly led to the alleged violation of Gray's constitutional rights. Landrum cannot demonstrate that the policies of the County's Sheriff's Department are unconstitutional, and the record fails to demonstrate any pattern or practice of unconstitutional conduct by Sheriff Wright or his deputies.

**1. Official Capacity of Wright**

The County further argues that Landrum's 42 U.S.C. § 1983 claims against Wright in his official capacity should be dismissed. A suit against an officer in his official capacity is the same as a suit against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Therefore, to the extent that the Court construes the Amended Complaint as making allegations against Wright in his "official" capacity as Sheriff of Spartanburg County, these claims are dismissed with prejudice.

The South Carolina Supreme Court, United States District Court for the District of South Carolina, and the United States Court of Appeals for the Fourth Circuit have all held that South Carolina sheriffs and deputy sheriffs are state officials. In *Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988), the court conducted an extensive review of South Carolina state law concluding that sheriffs and deputy sheriffs are state officials and therefore are not "persons" for purposes of § 1983 when sued in their official capacity. In reaching this determination, the court relied on

6

many of the same factors cited by the Supreme Court in *McMillian v. Monroe County,* 520 U.S. 781 (1997), which ultimately held that this particular inquiry is on a state-by-state basis.

In *Gulledge*, the district court found that the "state constitution establishes the elective office of county sheriff and his term of office" and that the state General Assembly "prescribes his duties and compensation." *Gulledge*, 691 F. Supp. at 954 (citing S.C. Const. art. V § 24). The South Carolina Code of Laws also sets forth sheriffs' "arrest powers," which in turn "relate primarily to state offenses." *Id*. Furthermore, although "the sheriff as an elected official is not subject to hiring and firing by the state, the legislature has nevertheless prescribed that the Governor is the public official empowered to remove the sheriff from office for misconduct and to fill a vacancy in that office." *Id*. (citing S.C. Code Ann. §§ 1-3-240, 23-11-40). Therefore, when sued pursuant to 42 U.S.C §1983 in their official capacities, sheriffs are not "persons" amenable to suit.

**2. Individual Capacity of Wright**

Landrum's Amended Complaint states that Wright is being sued in his individual or personal capacity, rather than his official capacity. [Doc. 6 at ¶ 2) "Personal-capacity suits .... seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, 'on the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Ky. v. Graham*, 473 U.S. 159, 166 (1985). However, Landrum has not alleged or provided any evidence that Wright had any personal involvement with the incident in question.

It is well settled that "in order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's

rights." *Davis v. DSS*, 941 F.2d 1206 (4th Cir. 1991) (quoting *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985)). Landrum's Amended Complaint contains no allegations of personal involvement of Wright in the incident where Gray was fatally wounded. The allegations against Wright are merely that he was the Sheriff of Spartanburg County at the time of the incident, and that as Sheriff, he "developed and maintained policies or customs exhibiting deliberate indifference" to constitutional rights. [Doc. 6 at ¶ 21)].

Additionally, a plaintiff may not allege a constitutional cause of action against Defendants to recover damages for the unconstitutional acts of other employees. The United States Supreme Court has clearly held that a governmental entity may not be held liable for the acts of its employees under a *respondeat superior* theory because of the employment relationship. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). To the extent that Landrum seeks to impose vicarious liability on Defendant Wright for alleged conduct of Raymond and Stuart, these allegations must be dismissed pursuant to *Monell*.

There is no evidence that Wright caused the deprivation of a federal right belonging to Gray. Accordingly, Landrum has failed to carry the burden of proof against Wright, and the court finds in favor of Defendant Wright.

### B. Plaintiff's Fourth and Fifth Causes of Action

Landrum's Fourth and Fifth causes of action in the Amended Complaint allege that the County is liable to Landrum based upon the common law intentional torts of assault and battery inflicted upon Gray. South Carolina defines an assault as the placement of a person "in reasonable fear of bodily harm by the conduct of the defendant." *Jones by Robinson v. Winn-Dixie Greenville, Inc.*, 318 S.C. 171, 175, 456 S.E.2d 429, 432 (Ct. App. 1995). Battery is "the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of

its degree." *Id*. at 432. Both of these torts outline intentional conduct rather than negligent conduct.

South Carolina Code § 15-78-60 (17) states that a "governmental entity is not liable for a loss resulting from .... (17) employee conduct .... which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." The South Carolina Tort Claims Act provides a limited waiver of immunity for tort actions against the state, but the state has not waived its immunity for intentional torts. *See* S.C. Code § 15-78-60 (17). The County has immunity for the claims made against it for the intentional torts of assault and battery; therefore, the County is entitled to summary judgment on these claims.

## C.  Plaintiff's Sixth Cause of Action

Plaintiff alleges that the County was grossly negligent in the hiring and supervision of Raymond and Stuart. South Carolina courts have defined gross negligence as "the intentional conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Etheredge v. Richland Sch. Dist. One*, 341 S.C. 307, 310, 534 S.E.2d 275, 277 (2000); *Clyburn v. Sumter County District Seventeen*, 317 S.C. 50, 451 S.E.2d 885 (1994); *Richardson v. Hambright*, 296 S.C. 504, 374 S.E.2d 296 (1988). "It is the failure to exercise slight care." *Clyburn*, 317 S.C. at 53, 451 S.E.2d at 887. Gross negligence ordinarily is a mixed question of law and fact, but when the evidence supports but one reasonable inference, the question becomes a matter of law for the court and summary judgment may be appropriate. *See Id*., 317 S.C. at 53, 451 S.E.2d at 887-88.

However, in *Sims v. Greenville County*, 211 F.3d 1265 (Table), at *4 (4th Cir. S.C. Apr. 14, 2000), the court held that while the plaintiff "failed to present any evidence that Greenville County *intentionally* and *consciously* provided an allegedly inadequate training program to its

9

officers that was bound to result in the use of excessive force during multiple-officer takedowns," the County had the burden of proof to demonstrate they were entitled to one of the exceptions listed under S.C. Code Ann. § 15-78-60. *Id*. The *Sims* court found support from *Etheredge* which held that "[t]he burden of establishing a limitation upon liability or an exception to the waiver of immunity is upon the governmental entity asserting it as an affirmative defense." *Etheredge v. Richland Sch. Dist. I*, 330 S.C. 447, 499 S.E.2d 238, 242 (Ct. App. 1998).

Here, Landrum has not provided any evidence to demonstrate that the County was grossly negligent in the hiring and supervision of Raymond and Stuart or in the training of other officers on the scene in question. Therefore, these Defendants are entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants' (Spartanburg County and Sheriff Chuck Wright) Motion for Summary Judgment on the Third, Fourth, Fifth and Sixth causes of action. [Doc. 24].

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

August 18, 2011
Greenville, South Carolina